a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JEFFERY SCOTT DARBONNE #404394, Plaintiff | CIVIL DOCKET NO. 1:22-CV-00680 SEC P |
| VERSUS | JUDGE DRELL |
| SAMUEL JOHNSON ET AL, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a civil rights Complaint under 42 U.S.C. § 1983 filed by pro se Plaintiff Jeffery Scott Darbonne ("Darbonne"). Darbonne is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Raymond Laborde Correctional Center in Cottonport, Louisiana. Darbonne complains that he was wrongfully convicted of a disciplinary violation and subjected to excessive force.

Because Darbonne fails to state a claim for which relief can be granted, his Complaint should be DENIED and DISMISSED with prejudice.

I.   Background

Darbonne alleges that he was wrongfully accused of failing to follow orders. He asserts that Defendant Lt. Col. Donovan Dupuy called Darbonne out to get in line. Darbonne admittedly responded: "Oh I'm not in line," but insists that Lt. Col. Dupuy could not have heard him. ECF No. 1 at 3. Darbonne alleges that Lt. Col. Dupuy "launched into a vulgar verbal assault." Id. After Darbonne removed and replaced

his "shades" multiple times during the "verbal assault," Lt. Col. Dupuy ordered Darbonne to submit to restraints. *Id.*

Darbonne alleges that, once restrained, Lt. Col. Dupuy attempted to slam him into a fence, to which Darbonne "reacted with simple non-violent countermeasures to "safeguard" himself. *Id.* Col. Bonnet "joined in" and "roughly" marched Darbonne to the lockdown unit. *Id.* at 4. Lt. Col. Dupuy then "doubled his vulgar insults," and Col. Bonnet "gave a violent wrench" to Darbonne's arm. Darbonne alleges that he fell forward taking Lt. Col. Dupuy down with him. *Id.* Darbonne asserts that Lt. Col. Dupuy punched him causing an abrasion to his cheek. *Id.*

Darbonne alleges that when he arrived at the lockdown unit, he was punched again and sprayed twice with chemical agent. *Id.* at 4. An hour later, EMTs arrived, as well as another officer with a change of clothing. *Id.* Darbonne claims that a photo was taken of an abrasion on his face and wrist. *Id.*

Darbonne complains that Maj. Veade presided over his disciplinary hearing and denied Darbonne's request for a polygraph testing. *Id.* at 5. Darbonne was found guilty of defiance and aggravated disobedience, and was sentenced to 15 days of disciplinary segregation, eight weeks of lost recreation privileges, 14 days of lost yard privileges, and 14 days of lost canteen privileges. ECF No. 1-2 at 5.

Darbonne appealed his disciplinary conviction on the grounds that his due process rights were violated by the deprivation of the polygraph tests. The denial of his appeal indicates that Darbonne was provided with a full hearing and afforded all

2

process due. *Id.* at 5. The written account of the officer was sufficient to uphold the finding of guilt. *Id.*

Darbonne also complains that he was placed in segregated housing for almost a year. ECF No. 1 at 5.

Darbonne seeks monetary damages from the Defendants in their official capacities. ECF No. 1 at 6.

## II. Law and Analysis

### A. Darbonne's Complaint is subject to screening under §§ 1915(e)(2) and 1915A.

As a prisoner seeking redress from an officer or employee of a governmental entity, Darbonne's Complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579–80 (5th Cir. 1998) (per curiam); *Rosborough v. Mgmt. and Training Corp.*, 350 F.3d 459, 461 (5th Cir. 2003) (holding that prison management corporations and their employees are state actors under § 1983). Section 1915A(b) provides for *sua sponte* dismissal of the Complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to

plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

### B. Defendants are immune from suit.

The Eleventh Amendment prohibits a private citizen from suing a state in federal court unless the state consents. *See Daigle v. Gulf States Utilities Company, Local Union Number 2286*, 794 F.2d 974 (5th Cir. 1986). Eleventh Amendment immunity extends to suits for monetary damages against state officials or employees sued in their official capacities. *Buckhannon Board and Care Home, Inc. v. West Virginia Department of Health and Human Resources*, 532 U.S. 598, 609 (2001). Therefore, federal claims against state employees in their official capacities are the equivalent of suits against the state. *Ganther v. Ingle*, 75 F.3d 207, 209 (5th Cir. 1996); *Lozano v. Jones*, 1:14-CV-196, 2017 WL 872678, at *1 (E.D. Tex. Jan. 27, 2017), *report and recommendation adopted*, 2017 WL 903370 (E.D. Tex. Mar. 3, 2017).

Because Darbonne seeks "money damages" from Defendants in "their respective official capacities," his claim is barred by the Eleventh Amendment. ECF No. 1 at 6.

### III. Conclusion

Because Defendants are immune from suit for monetary damages in their official capacities, IT IS RECOMMENDED that Darbonne's Complaint (ECF No. 1) be DENIED and DISMISSED with prejudice under § 1915A.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Wednesday, September 21, 2022.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE